JOSEPH C. TIFFT, Respondent, v. THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1871.)

A life insurance company's agent who had authority to solicit and make contracts for its insurances agreed that his company would insure the plaintiff by a policy containing special provisions for refunding the money paid for premiums, and received the plaintiff's note in part payment; the company tendered a policy without the provision, which the plaintiff refused. *Held*, that the transaction did not constitute a contract between the plaintiff and the company.

Also, that the plaintiff could recover from the company the amount of his note and interest, which he had paid to a *bona fide* holder, the transferee of the company.

THIS was an appeal by the defendant from a judgment for the plaintiff upon the verdict of a jury, and an order refusing a new trial. The facts are stated in the opinion.

*Wynn & Porter*, for the appellant, cited *Nixon* v. *Hyserott* (5 Johns. R., 58); *Sanford* v. *Hardy* (23 Wend., 267); *Stephenson* v. *N. Y. and Harlem R. R.* (2 Duer, 341); *Thurman* v. *Wells* (18 Barb., 500).

*D. O'Brien*, for the respondent, cited *Valten* v. *The Nat. Fund Life Ins. Co.* (20 N. Y., 32); *Devendorf* v. *Beardsley* (23 Barb., 657); *Bennett* v. *Judson* (21 N. Y., 238); *Elwell* v. *Chamberlain* (31 id., 611).

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. This action was brought to recover of the defendant, a life insurance company incorporated in the State of Connecticut, and doing business in this State in conformity to the laws of State prescribing the conditions on which foreign insurance companies are permitted to do business in this State, to recover the amount of a premium note given by the plaintiff to defendant's agent under the following circumstances, as claimed by the plaintiff, viz.: David W. Bartlett

of Watertown, in the county of Jefferson, was defendant's agent for the purpose of soliciting applications for life insurance in said county, and for the purpose of making contracts for policies of insurance, delivering policies, and receiving premiums in cash or notes, as he should deem most advisable.

That on or about the 22d February, 1868, said agent solicited plaintiff to apply for insurance on his life, in said company, and, after some negotiation, it was agreed that plaintiff should pay to said agent $125 in cash, and give him his (plaintiff's) note for $120, yearly, during his life, and in consideration thereof said company would insure plaintiff's life for the term of his natural life to the amount of $5,000, and if, at the end of three years, the plaintiff desired to terminate the policy, the defendant would do so, and repay to him the amount he should then have paid, without interest ; and it was further agreed that the provision or the right to terminate the policy, and that the defendant would, if terminated at the end of three years, repay the premium the plaintiff should then have paid to the defendant, without interest, should be inserted in the policy.

In a few days after this arrangement was made, an agent of defendant offered to plaintiff a policy of insurance on his life, but it did not contain the provision as to the right of plaintiff to terminate and the obligation of defendant to repay, and for that reason the plaintiff refused to receive it, and never has accepted said policy, nor did it ever become a binding agreement between the parties.

The defendant insisted and gave evidence tending to prove that the representation made by the agent to the plaintiff was that, at the end of three years, if the plaintiff desired it, the defendant would cancel the first policy and issue a paid-up policy for the amount of the premiums paid, payable at plaintiff's death, and defendant denied that an agreement that the provision in reference to terminating the policy and repaying the premium was ever made.

The note given by the plaintiff to defendant's agent for part of the premium was transferred soon after it was given

to a *bona fide* holder, and at maturity was paid by the plaintiff.

Five witnesses were called on the part of the plaintiff. The plaintiff and his daughter testify to the agreement that the policy should contain the clause that plaintiff, at his election, at the end of three years, might relinquish the policy, and the defendant would repay the amount paid. The plaintiff's wife and one Tifft testify that there was an agreement that the money paid by plaintiff should be returned at the end of three years, if plaintiff elected to have it.

The agent, Bartlett, is the only witness on the part of the defence, who testified as to what occurred at the time the application was made, note given and money paid. He denies that there was any such agreement made as was testified to by plaintiff's witnesses, and says the only agreement made was the one contained in the policy, and the only representation made by him was that, at the end of three years, if plaintiff desired it, he could relinquish his policy and receive a paid-up policy for a part of the amount paid by him.

The jury found a verdict for the plaintiff for the amount of the note and interest.

The defendant moved, on the judge's minutes, for a new trial and from the judgment entered, and from the order refusing a new trial the defendant appealed.

The transaction between the plaintiff and Bartlett, the agent of defendant, at the time the premium was paid and plaintiff's application taken, did not make a contract that bound the defendant. The agent had no power to bind it by an agreement that any provisions other than those adopted by the company should be inserted in its policy. All that the agent could do was to receive the application of the plaintiff, and the premium required by the rules of the company, and transmit them to the defendant, with notice that he and the plaintiff had agreed that a provision should be inserted in it allowing him to surrender his policy at the end of three years, and that the company would repay the premium paid by him. The defendant was at liberty to accept or reject this

proposition, as it was but a proposition. If it declined to insert the provision in the policy, the arrangement as to the insurance was at an end, and the plaintiff was entitled to have his note and money back; and, if the defendant refused to deliver them on demand, or should have transferred the note to a *bona fide* holder, it would be liable for the amount thereof. But if, as is probable upon the face of the transaction, that the agent never communicated to the defendant that the plaintiff desired the provision as to cancellation and repayment inserted in the policy, and it issued a policy without such provision, it was for the plaintiff to say whether he would accept it. If he refused, as it is proved he did, there was no contract of insurance effected, and the plaintiff was entitled to a return of his money and note.

The questions in the case were questions of fact, decided by the jury upon conflicting evidence, and the verdict cannot be disturbed. The weight of evidence is with the verdict and not against it.

If the agent was acting honestly with the plaintiff, and testified truly on the trial, and the plaintiff and his witnesses also told the truth, there was an honest mistake on both sides; the plaintiff supposing that he was entitled to rescind and be repaid, the defendant supposing that the only right plaintiff had was to surrender and receive a paid-up policy. This was the mistake the court referred to in his charge, and, thus understood, the charge was correct.

The judgment and order must be affirmed.